Kirkpatrick C. J.
This is a certiorari directed to the *215 Orphans’ Court of the county of Essex. From the return now sent up and filed, it appears, that John Ludlow, Ludlow, and Thomas Martin and Sarah his wife, are the executors of the last will of John Ludlow, deceased ; that John Ludlow, the executor, in the term of April 1814, sued of the said court, as of course, and without special rule or order for that purpose, a citation, returnable to the next term, requiring his co-executors to appear in the said court, and to render to him an account of the goods and chattels, rights and credits of the said deceased, which had come to their hands, separately, to be administered, and further to do and abide what the said court should do and adjudge in that behalf; that this citation was duly returned in the term of June 1814, but no proceeding was then had thereupon, or exception taken thereto; that in the term of January 1815, the co-executors thus cited exhibited their account, jointly and not separately, and the same being excepted to by the said John Ludlow, an order was made by the court, that it should be referred to certain auditors to restate the same, and that all parties interested, should have liberty to be heard before such auditors; that in the term of April 1815, the account as restated wras brought in, and wras in t sundry important matters variant from that exhibited by the co-executors themselves, and particularly it was variant in placing to the credit of the said co-executors, the sum of 726 dollars, 27 cents, as a sum due, on account, to the said John Ludlow from the said deceased, in his life time; and also the sum of 115 dollars 3 cents, as a sum due, on account, to the said John, for money expended by him in the settlement of the *said estate, manifestly with a view of establishing these accounts in favour of the said John, and making them chargeable on the said estate; to which account so restated, the said co-executors made sundry exceptions, which were filed, and are now here; that at a special court regularly appointed, in July 1815, the parties were heard upon the said account as reported, and the exceptions thereto, and upon the evidence in support of them respectively; and upon that hearing the said co-executors offered in evidence a copy of the will of the said testator with the probate annexed, and also a record *216 of the court of common pleas of the said county of Essex, on a submission to arbitrators between the same parties, evidence was objected to by the said John Ludlow, and overruled by the court: and that by way of final decree thereupon, the court did order, adjudge and determine, that the report of the said auditors should be confirmed, established, recorded and filed.
In my view of the subject, this proceeding is wholly erroneous, for 1. The citation ought to have been upon good reasons shewn, and special order made. When there are two or more executors, &c., the Orphans’ Court may upon the application of any one or more of them, and upon sufficient reason shewn, order the co-executors to account, give security, &c. In the nature of the thing, and in analogy to all other proceedings in that court, probable ground must be first laid before the court will interpose its authority to disturb or alter the ordinary course of administration. But inasmuch as the co-executors here áubmitted to the citation without objection, and actually exhibited their account, they cannot now insist upon this as error.
2. This being a court created by statute and invested with special powers and jurisdictions in derogation of the powers of the courts established by the constitution, it must, at least, be restrained in the exercise of those powers and jurisdictions by the words of the statute, (a) Now in the case before us, no power is given to the court to appoint auditors, nor was such appointment at all assented to by the co-executors; the court therefore erred in this appointment. As in all other cases they might have required the oath of the accountant, or they might have permitted John Ludlow to surcharge the account, or in any other way to alter it according to the truth, before themselves, but they could not refer it to others without the consent of the parties; they are *the judges constituted by the law and they cannot transfer that power to *217 others without consent of parties, no more than any other court.
3. In cases of this kind where the object is security for J n the faithful administration of the estate, no one can call upon his co-executors to account jointly, nor is such count, if exhibited, good for this purpose, for the law is that each shall give security for himself, no one being at all answerable for the maladministration of another, and so are the words of the statute; but here the account exhibited, as well as the account restated and reported by auditors, is joint and not several, and therefore did not afford a ground upon which a lawful decree for security could pass.
4. On the final hearing of the matter, the parties had a right to offer all lawful evidence in support of their respective allegations, either in favour of or against the account so reported. The co-executors in support of their allegations, offered in evidence the will of the testator, with the probate annexed, which was the great foundation of their respective rights, and the directory with respect to the administration of the estate; they offered too, a record of the Court of Common Pleas of the said county, between the same parties, and touching the same subject; both of which were certainly lawful evidence, and yet both of which were rejected by the court.
5. The only legitimate object of the whole proceeding, and the only decree that could lawfully be passed upon it, was, that each of the co-executors should give security for the faithful administration of the estate, so far as the same might have come to his hands; but instead of that, the final decree really is, that the report of the auditors shall be confirmed, established, recorded, and filed.
6. But not only is the whole proceeding erroneous, in the form of it, but the very substance of the decree itself is unlawful. Before the establishment of this court, if several were made executors, and one of them had a demand against the testator, though the co-executors might pay this demand, and though the money paid might be made an item in their credit, in the final settlement of their accounts, yet if they refused to pay, he had no remedy before the Ordinary. Neither could he sue his co- *218 executors at law, for executors are to be sued jointly, and *man can sue himself. He was therefore obliged to resor^ *0 a court of equity, where he obtained complete relief. And the law is still so. The statute gives the Orphans’ Court no jurisdiction in such cases, and it certainly can claim none derived from any other source. John Ludlow, with respect to this demand, is a creditor ; he stands upon the same footing with all other creditors; he must verify and establish his claim, by lawful evidence, in the known tribunals of the country, having cognizance of claims in such circumstances; and he can do it no where else, (d)
Upon the whole, then, I think this proceeding and decree are erroneous, both in form and substance, and therefore must be set aside.
Rossell J. concurred in opinion with the Chief Justice, except on the fourth point.
Southard J. did not hear the argument, and therefore expressed no opinion.
Proceedings and decree set aside.

 Ten Brook vs. M’Colm, 5 Hal. 334. Den. Throckmorton vs. Hammell, 3 Har. 73. Den. Van Kleek vs. O'Hanlon, 1 Zab. 582. Hess vs. Cole, 3 Zab. 116, Boulton vs. Scott, 2 Gr. Ch. 231. Voorhees vs. Voorhees, 3 C. E. Gr. 223. State vs. Lewis, 2 Zab. 564.

 See Wood vs. Tallman, Coxe 153. Trenton Bank vs. Woodruff, 1 Gr. Ch. 117.